UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORG BUSSE, et al.,

    Plaintiffs,

v.                                      CASE No. 2:10-CV-89-FtM-36TGW

JOHN EDWIN STEELE, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

This is a recent edition of lawsuits filed by the plaintiffs arising from a property dispute in Lee County, Florida. The defendants have filed motions to dismiss that have been referred to me for a report and recommendation (Docs. 17, 22, 29).[1] The plaintiffs have not responded despite adequate time to do so. Although the complaint fails to state a claim for relief or adequately allege jurisdiction, I recommend that the complaint be dismissed with prejudice on the ground of res judicata.

---

[1] Johnson Engineering, Inc.'s motion to dismiss was not specifically referred to me for a report and recommendation (Doc. 22). However, it will, nonetheless, be included.

I.

Having been spared from this matter in the past, I had no familiarity with any of the facts. Consequently, I started by reading the complaint. Here is all that I could get out of it.

The plaintiffs were in some way deprived of gulf-front property. The property may have been taken over by Lee County in some way. District Judge John Steele apparently made some decision in connection with that transfer of property. Magistrate Judge Sheri Polster Chappell also was involved in some unexplained way. I guess something was appealed, and an Eleventh Circuit panel of Chief Judge Joel F. Dubina, Circuit Judge Gerald Bard Tjoflat, and Circuit Judge Stanley F. Birch, Jr., ruled against whomever among the plaintiffs is claiming the property. At some point, Deputy United States Marshal Richard Jessup served a writ of execution which seized the plaintiffs' riparian gulf-front property. Other defendants had something to do with the record of title to the property. Governor Charlie Crist knows about this deprivation of property and maybe permitted an illegal park that caused a fire destroying the plaintiffs' property.

Upon reading the complaint, I have no concrete idea what happened. The 21-page complaint is devoid of facts. It repeatedly asserts claims of fraud, bribery, and conspiracy. However, no facts are alleged to support those allegations. In light of that circumstance, the allegations of fraud, bribery, and conspiracy should be stricken as impertinent and scandalous. See Rule 12(f), F.R.Civ.P. In all events, I do not discern any plausible claim for relief. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009); American Dental Ass'n. v. Cigna Corp., 605 F.3d 1283, 1288-90 (11th Cir. 2010). Consequently, the complaint is subject to dismissal for failure to comply with Rule 8(a)(2), F.R.Civ.P. The complaint also fails to comply with Rule 8(a)(1), F.R.Civ.P., since there is no statement of the grounds for the court's jurisdiction.

Furthermore, the complaint, which is replete with allegations of fraud, does not satisfy Rule 9(b), F.R.Civ.P. That rule requires a party alleging fraud to "state with particularity the circumstances constituting fraud." No facts showing fraud have been alleged. This is a further basis for dismissal.

Subsequently, I have familiarized myself with the prior proceedings regarding this property dispute. A dismissal for failure to state a claim for relief, or to allege fraud with particularity, will not do, since such a dismissal typically warrants an opportunity to amend. Rather, it is fitting to consider dismissal on the dispositive ground of res judicata that has been asserted by the federal defendants (Doc. 29, p. 3).

II.

Essentially the same claims against most of the same defendants were presented in other cases that were recently dismissed with prejudice. See Case Nos. 2:08-CV-899-FtM-99MAP (Docs. 121, 186); 2:09-CV-41-FtM-99TBM (Doc. 75); 2:09-CV-341-FtM-99SPC (Doc. 17); 2:09-CV-602-FtM-99MAP (Doc. 148).[2] In view of the prior dismissals, this complaint is barred by the doctrine of res judicata.

Where, as here, the prior decisions were rendered by a federal court, federal principles of res judicata apply. Coachmen Industries, Inc. v. Royal Surplus Lines Ins. Co., 2007 WL 1837842 at *3 (M.D. Fla. 2007). Those principles require four elements to be satisfied: (1) there is a final

---

[2]This court has set forth the litigation history of the prior filings in meticulous detail in Prescott v. Alejo, Case No. 2:09-CV-791-FtM-36SPC (Docs. 213, 245).

judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Id. at *4.

Those requirements are met here. Obviously, the prior decisions were by a court of competent jurisdiction. Further, although the prior suits were dismissed with prejudice for failure to state a claim for relief or for frivolousness, such a dismissal constitutes a final judgment on the merits. N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990); Redford v. Gwinnett County Judicial Circuit, 350 Fed. Appx. 341, 344 (11th Cir. 2009).

While the parties to the prior cases differ, depending, apparently, on the whim of the plaintiffs, all but four of the present defendants were named as defendants in prior cases that were dismissed with prejudice. Those previously-named defendants are entitled to the protection of res judicata.

The four current defendants who were not previously named in cases dismissed with prejudice are Governor Crist, Roger Alejo, Lori L. Rutland, and Executive Title Company. Governor Crist, however, is in privity with a prior defendant. "Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a

judgment for or against the party should bind or protect the nonparty." N.A.A.C.P. v. Hunt, supra, 891 F.2d at 1560-61 (citations and quotation omitted). Governor Crist's interests were adequately represented in Case No. 2:08-CV-899-FtM-99MAP, since the State of Florida was sued in that case. Id. Moreover, Governor Crist is properly considered to be in privity with prior defendants, since the plaintiffs have alleged a conspiracy (see Doc. 1, ¶¶28, 43, 58, 61, 64). See Gambocz v. Yelencsics, 468 F.2d 837, 840-41 (3rd Cir. 1972); McLaughlin v. Bradlee, 599 F.Supp. 839, 842-48 (D. D.C. 1984), aff'd, 803 F.2d 1197 (D.C. Cir. 1986)(co-conspirators in privity for res judicata purposes).

Alejo and Rutland were named as defendants in Case No. 2:09-CV-791-FtM-36SPC. Although that complaint was dismissed without prejudice, it was followed by an injunction that barred the plaintiffs from suing these two defendants (as well as others) without leave of court. Seemingly, this, in effect, constitutes a dismissal with prejudice. Moreover, Alejo and Rutland are specifically alleged to have "conspired to conceal the ... Plaintiff's conveyance" (Doc. 1, ¶¶77, 78). In light of these allegations, Alejo and Rutland are in privity with the defendants in those cases that were

dismissed with prejudice. Accordingly, they are entitled to the protection of res judicata.

It is appropriate to add that, even if Governor Crist, Alejo, and Rutland were not protected by res judicata, the claims against them are patently deficient. Thus, in all events, the claims are subject to dismissal for failure to state a claim for relief.

To the extent that Executive Title Company is asserted to have participated in the alleged taking of property that is the subject of this and the prior suits, it would be entitled to invoke res judicata in light of the claim of conspiracy. Arguably, the plaintiffs are not asserting that Executive Title Company participated in the taking of the property, but are asserting a different claim, since all they allege is that the defendant "materially misrepresented and breached the Agreement with Plaintiff(s) regarding their riparian subject Property" (id., ¶79). If this is a new claim unrelated to the claims in the prior suit, it is patently deficient, and should be dismissed for failure to state a claim for relief. Moreover, since such a claim would not have an apparent basis for federal court jurisdiction, the dismissal of the claim should be without leave to amend.

Finally, the cause of action here is the same as the prior cases since all the cases are based upon a 1969 resolution adopted by the Board of Commissioners of Lee County, Florida, claiming as public land a lot the plaintiffs purportedly own, and upon the alleged judicial corruption stemming from that controversy. Thus, the plaintiffs' claims all rise out of the same nucleus of operative fact. Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). Further, res judicata bars not only relitigation of claims, but also precludes claims that could have been brought in earlier proceedings. Id. at 1501.

Since the elements of res judicata are present, this suit should be dismissed with prejudice. While the suit contains numerous pleading flaws, the plaintiffs should not be given a chance to amend, since, in light of the res judicata determination, any amendment would be futile.

Furthermore, all the federal defendants are entitled to dismissal on the basis of immunity and, under that circumstance, all that would remain would be state law claims that should not be considered by this court. The federal judges are all entitled to absolute judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Deputy United States Marshal Jessup is also

entitled to immunity because he is simply alleged to have carried out a facially valid court order. King v. Thornburg, 762 F.Supp. 336, 341 (S.D. Ga. 1991); see Roland v. Phillips, 19 F.3d 552, 557 (11th Cir. 1994). With the federal defendants dismissed, and no federal claim having been alleged, the court should not exercise supplemental jurisdiction under 28 U.S.C. 1367 over whatever state law claims remain.

III.

For the foregoing reasons, I recommend that the motions to dismiss (Docs. 17, 22, 29) be granted, and that this case be dismissed with prejudice.

Respectfully submitted,

DATED: AUGUST 18, 2010

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).