```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JORG BUSSE and JENNIFER
FRANKLIN PRESCOTT,

               Plaintiffs,
v.                                    Case No. 2:10-cv-89-FtM-33TGW

JOHN EDWIN STEELE, et al.,

               Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the August 18, 2010, Report and Recommendation of Thomas G. Wilson, United States Magistrate Judge (Doc. # 67)[1], in which Judge Wilson recommended that: (i) Defendant Johnson Engineering, Inc.'s Motion to Dismiss Complaint, or in the Alternative, for

---

[1] Plaintiffs Jorg Busse and Jennifer Franklin Prescott have appealed the Report and Recommendation of Thomas G. Wilson, United States Magistrate Judge (Doc. # 67) to the Eleventh Circuit Court of Appeals. (Doc. # 75). As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over all issues involved in the appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

However, here the Report and Recommendation has not yet been adopted by this Court. A Magistrate Judge's Report and Recommendation which has not yet been adopted by the district court at the time an appellant files a notice of appeal is not final and appealable, and thus an appeal therefrom is premature. Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998). Thus, this Court retains jurisdiction over this matter and will proceed with this Order adopting the Report and Recommendation of Magistrate Judge Thomas G. Wilson. (Doc. # 67).

More Definite Statement (Doc. # 22); (ii) Defendant United States of America's Motion to Dismiss (Doc. # 29); and (iii) Defendant Kenneth M. Wilkinson's Motion to Dismiss (Doc. # 17, collectively, the "Motions to Dismiss") be granted in this matter.  On August 26, 2010, Plaintiffs Jorg Busse and Jennifer Franklin Prescott filed an objection to Judge Wilson's Report and Recommendation.  (Doc. # 76).  On September 1, 2010, the United States filed its response to Mr. Busse and Ms. Franklin's objection.  (Doc. # 78).

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation; specifically, Judge Wilson's recommendation that the Motions to Dismiss (Docs. ## 17, 22, 29) be granted, and that the complaint be dismissed with prejudice on the ground of res judicata. (Doc. # 67 at 1).  Thus, the Court grants the Motions to Dismiss and dismisses the complaint with prejudice.

I. **Legal Standard**

A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v.

-2-

<u>Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

II. **Report and Recommendation**

In his Report and Recommendation, Judge Wilson recommended that the Motions to Dismiss (Docs. ## 17, 22, 29) be granted, and further, that the complaint be dismissed with prejudice on the ground of res judicata. (Doc. # 67 at 1). As to the Motions to Dismiss, Judge Wilson found that Mr. Busse and Ms. Franklin's complaint failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 8(a)(2), failed to adequately allege the grounds for the Court's jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1), and failed to adequately state with particularly the circumstances constituting the alleged fraud pursuant to Federal Rule of Civil Procedure 9(b). (Doc. # 67 at 1-3.)

Regarding the issue of res judicata, Judge Wilson noted that Mr. Busse and Ms. Franklin have presented essentially the same claims against essentially the same parties in other cases which have been recently dismissed with prejudice.

(Doc. # 67 at 4)(citing to case numbers: 2:08-cv-899-FtM-99MAP (Docs. ## 121, 186); 2:09-cv-41-FtM-99TBM (Doc. # 75); 2:09-cv-341-FtM-99SPC (Doc. # 17); and 2:09-cv-602-FtM-99MAP (Doc. # 148)). In view of these prior dismissals with prejudice, Judge Wilson opined that this complaint is barred by the doctrine of res judicata. Id.

The doctrine of res judicata applies where four elements are satisfied: (i) there was a final judgment on the merits; (ii) the decision was rendered by a court of competent jurisdiction; (iii) the parties, or those in privity to them, are identical in both suits; and (iv) the same cause of action is involved in both cases. Coachmen Indus., Inc. v. Royal Surplus Lines Ins. Co., 2007 WL 1837842 at *4 (M.D. Fla. 2007). Based on a thorough analysis of these elements, Judge Wilson concluded that "the plaintiffs should not be given a chance to amend, since, in light of the res judicata determination, any amendment would be futile." Id. at 8.

### III. Objection and Response

A party seeking to challenge the report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for [the] objection."

-4-

Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)(emphasis added)).  Mr. Busse and Ms. Franklin's objection contains only one such specific objection to the proposed findings.  Thus, this Court has conducted a *de novo* review of the portions of the Report and Recommendation which describe the specific finding with which Mr. Busse and Ms. Franklin take issue, as well as an independent consideration of the relevant portions of the record.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673 (1980); Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 513 (11th Cir. 1990).

Mr. Busse and Ms. Franklin object to the Magistrate Judge's finding that the previous decisions at 2:08-cv-899-FtM-99MAP (Docs. ## 121, 186); 2:09-cv-41-FtM-99TBM (Doc. # 75); 2:09-cv-341-FtM-99SPC (Doc. # 17); and 2:09-cv-602-FtM-99MAP (Doc. # 148) were rendered by courts of competent jurisdiction.  (Doc. # 76 at 4).  With the exception of that specific issue, Mr. Busse and Ms. Franklin's objection nonsensically objects to the totality of the Report and Recommendation, and thus, lacks sufficient specificity to trigger mandatory *de novo* review by this Court of the Magistrate Judge's factual findings.  See (Doc. # 76); Macort,

-5-

208 F. App'x at 784 (11th Cir. 2006)(citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)).

As to this specific factual finding, Mr. Busse and Ms. Franklin have failed to provide any meaningful analysis or reasoning why this Court should find that the aforementioned decisions were not rendered by courts of competent jurisdiction. See (Doc. 76 at 4). Further, a review of the dockets of each of the aforementioned cases makes clear that each case was properly decided by a court of competent jurisdiction. See 2:08-cv-899-FtM-99MAP (Doc. # 186)(order by Judge Richard A. Lazzara, United States District Court Judge, dismissing the case with prejudice); 2:09-cv-41-FtM-99TBM (Doc. # 75)(same); 2:09-cv-341-FtM-99SPC (Doc. # 17)(same); and 2:09-cv-602-FtM-99MAP (Doc. # 148)(same).

Despite the fact that the allegations of pro se filers, like Mr. Busse and Ms. Franklin, are held to a less stringent standard than formal pleadings drafted by lawyers, even with the benefit of this "liberal construction" Mr. Busse and Ms. Franklin's objection fails to set forth evidence which precludes the dismissal with prejudice of this action based on the doctrine of res judicata. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

**IV. Conclusion**

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Wilson's recommendation that the Motions to Dismiss be granted, and that this complaint be dismissed with prejudice based on the doctrine of res judicata.  Upon due consideration of the entire record, including the Report and Recommendation, the Court adopts the Report and Recommendation, overrules the objection thereto, and dismisses this case with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Thomas G. Wilson, United States Magistrate Judge (Doc. # 67) is **ACCEPTED and ADOPTED.**

(2) Defendant Johnson Engineering, Inc.'s Motion to Dismiss Complaint, or in the Alternative, for More Definite Statement (Doc. # 22) is **GRANTED.**

(3) Defendant United States of America's Motion to Dismiss (Doc. # 29) is **GRANTED.**

(4) Defendant Kenneth M. Wilkinson's Motion to Dismiss (Doc. # 17) is **GRANTED.**

(5) This case is **DISMISSED WITH PREJUDICE.**

(6) The Clerk is directed terminate any remaining pending motions, to enter judgment in favor of the Defendants John Edwin Steele, Sheri Polster Chappell, Roger Alejo, Kenneth M. Wilkinson, Jack N. Peterson, Gerald Bard Tjoflat, Richard Jessup, Judge Birch, Judge Dubina, Richard A. Lazzara, Charlie Christ, Lee County Value Adjustment Board, Lori Rutland, Executive Title Co., and Johnson Engineering, Inc., and to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of September, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record